IRA J. ROBERTS

*v.*

SAMUEL QUEST *et al.*

*Opinion filed June 18, 1898.*

1. ELECTIONS—*voter cannot use pasters to insert name of candidate on official ballot.* Under the Election law of 1891 (Laws of 1891, p. 107,) a voter has no authority to insert the name of the candidate of his choice on the official ballot by using a paster on which the name of such candidate is printed. (*Fletcher* v. *Wall,* 172 Ill. 426, followed.)

2. SAME—*extent of statutory authority for use of pasters.* The only authority in the Election law of 1891 for the use of pasters is found in section 12, (Laws of 1891, p. 111,) which provides that in certain contingencies, where a vacancy has occurred after the ballots are printed, the proper official may insert the name of a candidate on the ballot by using a paster before its delivery to the voter.

APPEAL from the County Court of Ogle county; the Hon. JOHN D. CAMPBELL, Judge, presiding.

J. W. ALLABEN, and R. C. BASSETT, for appellant.

J. C. SEYSTER, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Ogle county to contest the election of Ira J. Roberts, the appellant, to the office of collector of the town of Eagle. By the count of the judges of election Roberts received eighty votes, and Quest, the contestant, received sixty-three votes, but on the hearing the county court found and decreed that Quest had received sixty-three votes and Roberts only six votes, and that Quest had been duly elected to said office. This difference is accounted for by a large number of pasters containing the name of Roberts, many of which had been pasted by the voters, while preparing their ballots in the voting booths, over the name of Quest, and some beneath and others to the right of the name of Quest, with a cross, apparently indicating an intention to vote for Roberts instead of Quest. Other questions have been raised and discussed, but the only one we consider it important to mention is the alleged error of the county court in refusing to count the ballots, as indicated by the pasters, as votes for Roberts.

The question involved has been decided by this court against the contention of Roberts in *Fletcher* v. *Wall*, 172 Ill. 426. It is true that in that case almost the entire ticket of one of the parties, containing the names of different candidates and the titles of the offices, was printed upon a paster by interested parties and circulated among the voters, and used by them in preparing their ballot by pasting it upon the official ballot, and the use of such pasters was held to be a violation of the statute and that votes thus indicated could not be counted; but the principle is the same, and the rule there announced is applicable to this case. It was there said: "It is true that, in order that no voter shall be deprived of the right to cast his ballot for whomsoever he will for any office, he is authorized by section 23, when the name is not printed thereon, to prepare his ballot by writing the name of the

candidate of his choice in a blank space on said ticket, making an X opposite thereto. It is, however, plainly prescribed by the statute that the ballot furnished by the judges to the voter must be prepared by him individually, after he enters the booth, except in so far as he may be assisted as an illiterate voter, under the provisions of section 24, and that he shall be allowed to do so uninfluenced or in any way controlled by being electioneered or furnished with tickets or pasters by outsiders." The evils of the use of pasters were there pointed out, and it was further said: "Nor are we disposed to hold that a ballot should be rejected merely because the name appears in print, provided it is prepared by the voter himself in that way after entering the booth; but we do hold that it is not lawful for him to use stickers or pasters in so doing."

It is manifest that if pasters may be resorted to by one candidate they may be by all, and the official ballot might become but little more than a convenient card upon which to paste private tickets printed and circulated in secret. The use of such tickets would revive the evils sought to be guarded against by the Ballot law. It may be further said that the only provision authorizing the use of pasters is found in section 12 of the statute in question, (Laws of 1891, p. 107,) where it is made the duty of the election officer having charge of the ballots to place the name of a candidate supplied to fill a vacancy, in certain contingencies, upon the ballot by affixing a paster, or by writing or stamping, before the ballot is delivered to the voter. Such an authorized use of a paster, so far from supporting the position of appellant, as contended by him, rather tends to support the view that the paster cannot be used except when furnished as a part of the official ballot by the proper officer, when a vacancy has happened after the ballots have been printed.

Rejecting the votes for appellant indicated by the pasters used at the election in question in this case, Quest

received a much larger number of votes for town collector than Roberts received, and was duly elected to that office, as found by the county court. In so holding there was no error, and the decree is affirmed.

*Decree affirmed.*